UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:99cv94-FDW
(3:94cr30-4)

| | | |
|---|---|---|
| **CHALMERS LAVETTE HENDRICKS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court upon Petitioner's December 6, 2010 "Motion For Relief From Judgment Pursuant to Rule 60(B)[sic](4)" of the Federal Rules of Civil Procedure. (Doc. No. 15.) In it, he claims that the Court did not have jurisdiction to enhance his sentence for his federal criminal convictions because the sentencing judge failed to comply with the statutory requirements of 21 U.S.C. § 851(b) (1995).[1]

Petitioner has misapplied the Federal Rules of Civil Procedure. Rule 60(b)(4) can only be used to call into question a previous <u>civil</u> judgment. The only civil judgment that has been applied to Petitioner was that denying his March 8, 1999 Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255. (Doc. No. 10). However, Petitioner does not argue that

---

[1] Section 851(b) requires the judge, prior to issuing a sentence, to inquire of a criminal defendant whether he affirms or denies that he has prior criminal convictions as alleged in an information filed by the United States Attorney under § 851(a)(1). Petitioner also appears to claim that the Government failed to comply with 21 U.S.C. § 851(a)(1), which requires the United States Attorney to provide a criminal defendant notice of its intent to seek a sentence enhancement based on prior criminal convictions. (Doc. No. 15 at 2.) However, the United States Attorney filed an information pursuant to § 851(a)(1) prior to Petitioner's trial. (Case No. 3:94cv30-4, Doc. No. 35.) Consequently, to the extent that Petitioner raises an allegation of error on these grounds, the allegation is belied by the record.

the Court had no jurisdiction over his § 2255 motion. Instead, his motion claims that the Court lacked the authority to enhance his <u>criminal</u> sentence.

Post-conviction challenges to the validity of a criminal sentence must be brought as a motion pursuant to § 2255. Indeed, because Petitioner's motion does nothing more than attack the validity of his criminal sentence, it must be read as a § 2255 motion, notwithstanding its caption. <u>United States v. Winestock</u>, 340 F.3d 200, 207 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion.). However, Petitioner already has exhausted a § 2255 motion. <u>See</u> <u>United States v. Hendricks</u>, 30 F. App'x 135 (4th Cir. 2002) (affirming the district court's denial of Petitioner's § 2255 motion). Therefore, this motion is a "second or successive" motion under § 2255, <u>Winestock</u>, 340 F.3d at 206 ("[D]istrict courts must treat Rule 60(b) motions as successive collateral review applications when failing to do so would allow the applicant to evade the bar against . . . litigation of claims not presented in a prior application."), and Petitioner must obtain a certification from the Fourth Circuit before he may bring it in the district court, 28 U.S.C. § 2244(b)(3)(A). Because he has failed to obtain certification to bring this "second or successive" § 2255 motion, it must be dismissed. <u>Winestock</u>, 340 F.3d at 207.

**IT IS, THEREFORE, ORDERED** that Petitioner's "Motion For Relief From Judgment Pursuant to Rule 60(B)[sic](4)" (Doc. No. 15) is DISMISSED.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2255 Proceedings, this Court declines to issue a certificate of appealability as Petitioner has not made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2253(c)(2). An applicant satisfies this standard by demonstrating that reasonable jurists would find that any assessment of the constitutional claims by the district court is debatable or wrong and that any

dispositive procedural ruling by the district court likewise is debatable.  See Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Signed: December 10, 2010

Frank D. Whitney
United States District Judge